Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,245-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                           Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                                       Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                           Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

BILLY W. BARTON, A/K/A                           Defendant-Appellee
BILLY BARTON AND LAURA
BARTON, A/K/A LAURA
ANN BARTON

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,543

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC                     Counsel for Appellant
By: Jessica L. Greber

BILLY W. BARTON, A/K/A                           In Proper Person
BILLY BARTON AND
LAURA BARTON, A/K/A
LAURA ANN BARTON

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Billy W. Barton, a/k/a Billy Barton, of Winnfield, La., took out a loan from Tower Loan on December 20, 2022. The amount financed was $5,739.56, at a stated APR of 31.06%, requiring Barton to make 24 payments of $328.00, for a total of $7,872.00. His final payment was to be January 3, 2025, but, according to Tower Loan's petition, his last payment was on December 8, 2023, leaving a balance of $5,032.26.

Tower Loan filed this suit on March 8, 2024, against Barton and his nonsigning spouse, Laura Barton a/k/a Laura Ann Barton, seeking the unpaid balance of $5,023.26, together with contractual interest of 29.80% per annum for one year beginning February 1, 2024, and 18% thereafter. The petition alleged that even though Ms. Barton had not signed the loan agreement, she was liable in rem under La. C.C. art. 2345. The petition also prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of the security interest in the movables described in the loan agreement. Tower Loan attached interrogatories and requests for

admission directed to both Barton and Ms. Barton to confirm the existence of a community between them.

The Bartons filed no responsive pleading, so Tower Loan moved for default judgment. It attached an affidavit of correctness executed by David Easley, an officer of the company, verifying that the balance due was $5,032.26 and that the interest rate, under the loan agreement, was 29.80% per annum for one year beginning February 1, 2024, and 18% thereafter until paid in full. Tower Loan also provided a proposed judgment stating this balance due, interest rate, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped June 10, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record and amended interest amount." In the transcript, the court stated merely, "Okay, I've signed the judgment and returning [*sic*] to the Clerk." The court drew a line through the interest provision, handwriting over it, "legal" interest.

Tower Loan has appealed, raising four assignments of error. The Bartons have not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the terms of the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

2

For the reasons expressed in *First Tower Loan v. Combs*, 45,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Award of Interest*

By its third assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fourth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreement, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement states that the amount financed was $5,739.56. Under La. R.S. 9:3519, Tower Loan could charge 24% on the portion of the principal that exceeds $4,000 but does not exceed $7,000 (this portion would be $1,739.56), 27% on the portion that exceeds $1,400 but does not exceed $4,000 (this portion would be $2,600), and 36% on the remaining portion ($1,400). The affidavit states that these rates, properly apportioned, yield a contractual rate of 29.80%. Moreover, Barton's loan was accelerated on February 1, 2024; hence, after February 1, 2025, the interest cannot exceed 18%. The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

3

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of the plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendants, BILLY W. BARTON, a/k/a BILLY BARTON (SSN XXX-XX-3985), and LAURA BARTON, a/k/a LAURA ANN BARTON (SSN XXX-XX-8458), the nonsigning spouse, as follows: (a) in the amount of $5,032.26, together with interest thereon at the rate of 29.80% per annum for one year beginning February 1, 2024, and 18% thereafter[.]

In all other respects, the judgment is affirmed.  All costs are to be paid by the defendants, Billy W. Barton, a/k/a Billy Barton, and Laura Barton, a/k/a Laura Ann Barton.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.